# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

AXIALL CORPORATION,  
AXIALL, LLC, and  
ROYAL BUILDING PRODUCTS (USA), INC.

CIVIL ACTION

VERSUS

WADE A. BARBAY

NO. 16-523

## PLAINTIFFS' COMPLAINT

NOW INTO COURT, through undersigned counsel, come Plaintiffs who hereby allege as follows:

### PARTIES

1.

(a) Plaintiff Axiall Corporation is a juridical entity incorporated in the State of Delaware with its principal place of business in Atlanta, Georgia.

(b) Axiall, LLC is a Delaware limited liability company having its principal place of business in the state of Georgia. The sole member of Axiall, LLC is Axiall Holdco, Inc., which is incorporated under the laws of Delaware with its principal place of business in Georgia.

(c) Plaintiff Royal Building Products (USA), Inc. is a juridical entity incorporated in the State of Delaware with its principal place of business in Canada.

1

2.

Made defendant herein is Wade A. Barbay, (hereafter "Barbay") a resident and citizen of Louisiana.

## JURISDICTION

3.

Jurisdiction is proper in this Court under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000, defendant is a citizen of Louisiana, and plaintiffs are citizens of Delaware, and Georgia or Canada. Therefore, under 28 U.S.C. § 1332(a)(1), this Court has jurisdiction.

Jurisdiction is also proper in this Court under 28 U.S.C. § 1331, as certain claims asserted below arise under Federal law, specifically the Computer Fraud and Abuse Act claims under 18 U.S.C. 1030.

## VENUE

4.

Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the Complaint occurred in Iberville and East Baton Rouge Parishes in Louisiana.

## FACTS

5.

Plaintiff Axiall Corporation, previously known as Georgia Gulf Corporation, is a company engaged in the production of materials through various subsidiaries and processes in various manufacturing facilities in locations in Louisiana and elsewhere. Among those is a facility in Iberville Parish in Louisiana.

6.

At all pertinent times until April 7, 2016, defendant Barbay was an employee of Plaintiff Axiall, LLC (formerly known as Georgia Gulf Chemicals & Vinyls, LLC).  Axiall, LLC, was at all pertinent times, a subsidiary of Plaintiff Axiall Corporation.

7.

At all pertinent times, Plaintiff Royal Building Products (USA), Inc. was an indirect subsidiary of Plaintiff Axiall Corporation.

8.

While employed by Axiall, LLC from at all pertinent times through April 7, 2016, defendant Barbay performed various management and other functions and was based at the Axiall facility in Iberville Parish.   Barbay left employment from his position as Director, Shared Services with Axiall, LLC in April 2016 as a result of a job elimination.

9.

Among the duties of Barbay in his employment as Director, Shared Services with Axiall, LLC was oversight and management of expense and reimbursement of some employees of Plaintiff Axiall Corporation and its various subsidiaries, including without limitation Plaintiffs Axiall, LLC and Royal Building Products (USA), Inc.

10.

During the relevant time period, Plaintiffs have managed the process of employee expense reimbursement through the use of corporate credit cards issued by American Express.

11.

In the course of his duties, Barbay had access to expense reimbursement records of employees of Plaintiffs and other subsidiaries of Axiall Corporation.

12.

In the course of his duties with Axiall, LLC, Barbay calculated and allocated Plaintiffs' payments to American Express and allocation of the payments among individual corporate card accounts of employees of Plaintiffs and other Axiall Corporation subsidiaries, including his own corporate card account.

13.

Plaintiffs had in place, at all times relevant hereto, a policy or policies covering the use of corporate issued American Express cards by their and their subsidiaries' employees. Barbay was aware of, and covered by that policy.

14.

On multiple occasions over several years, Barbay made charges to his company-issued corporate American Express card for personal expenditures, including for the purchase of personal household items and other goods and services, which were not legitimate business expenses of any Plaintiff or otherwise payable by Axiall Corporation or any other Plaintiff.

15.

By unauthorized use of his position and authority, Barbay altered company accounting records. Unauthorized alterations made by Barbay included, but were not limited to:

1. Duplication of previously approved employee expense reimbursement amounts for employees of each Plaintiff; and
2. Alteration of the amount payable on approved employee expense reimbursements for employees of each Plaintiff so as to increase the amount on each.

Plaintiff Barbay perpetrated his activity in discrete, limited-dollar transactions and thus avoided detection until after the separation of his employment.

16.

The alterations to company records made by Barbay effectively inflated the amount paid by Plaintiffs each period to American Express, allowing Barbay to conceal and cover up the improper personal charges he made on corporate American Express cards issued to him as an employee of Axiall, LLC.  Barbay misused his authority from Plaintiffs to cause American Express to allocate these greater amounts to pay for the unauthorized personal charges he made on his company issued corporate cards.

17.

The fraudulent inflation and misallocation of funds paid to American Express, engineered and concealed for years by Barbay, to conceal the payment of Barbay's improper personal American Express charges without permission or authority from Plaintiffs, is an unlawful taking by Barbay of corporate funds.

18.

During the relevant period, through this manipulation of company records and documents, Barbay fraudulently concealed his unlawful taking of funds from Axiall in an amount to be proven at trial in excess of seventy-five thousand dollars ($75,000.00).

19.

During his employment by Axiall, and also subsequent to his separation from employment with Axiall, Barbay obtained checks from American Express refunding overpayments by Plaintiffs for charges on corporate American Express cards.  The overpayments were originally improperly paid by Plaintiffs due to the fraudulent manipulation of plaintiffs' records by Barbay.

20.

Barbay negotiated these checks and did not tender the proceeds thereof to Plaintiffs.  The sums thus illegally converted by Barbay belonged to Plaintiffs, as they were refunds for excess sums paid by Plaintiffs to corporate American Express card accounts as a result of Barbay's manipulation of company documents.

21.

At the time of his separation from employment with Axiall, Barbay entered into an agreement with Axiall Corporation setting forth terms and conditions of his separation, including terms providing for payments to Barbay, confidentiality of Axiall information, and protection and return of all Axiall property.

22.

On information and belief, around the time of his separation, Barbay had authorized access to, and control over, computer stored records and data of Axiall, including expense reimbursement and email records.  On information and belief, around the time of his separation, Barbay exceeded his authorized access and caused certain data to be copied, removed from, deleted, damaged, or altered while said data were stored on computer equipment belonging to Axiall, thus causing damage as defined in Title 18 U.S.C. §1030.

23.

The computer equipment, and altered, copied deleted, or damaged data records, were used in interstate commerce and thus constituted a "protected computer" within the definition of same in Title 18 U.S.C. §1030, as amended.

## COUNT 1-FRAUD

24.

Through his fraudulent manipulation of Plaintiffs' records and overpayments to American Express, Barbay fraudulently and unlawfully took money belonging to Plaintiffs in an amount to be proven at trial in excess of seventy-five thousand dollars ($75,000.00).

## COUNT 2- CFAA

25.

Through his actions which damaged protected computers used in interstate commerce by Plaintiffs, by exceeding his authorized access, Barbay caused loss to Plaintiffs within the ambit of the protections of Title 18 U.S.C. §1030.

## COUNT 3-CONVERSION

26.

Through his actions in unlawfully negotiating American Express refund payments that were lawful property of Plaintiffs, Barbay illegally converted funds of Plaintiffs to himself.

## COUNT 4-BREACH

27.

Through his actions in causing certain data to be copied, removed from, deleted, damaged, or altered while said data were stored on computer equipment belonging to Axiall, as well as retaining other Axiall property, Barbay violated the terms and conditions of his separation agreement, thus breaching that agreement.

## **DAMAGES**

28.

As a direct and proximate result of defendant's unlawful conduct Plaintiffs have suffered injuries, losses, and damages for which they are entitled to be compensated.

29.

As a direct and proximate result of defendant's breach of his separation agreement, Plaintiffs are entitled to remedies as provided for in the agreement.

## **JURY TRIAL DEMAND**

30.

Pursuant to Federal Rules of Civil Procedure 38, Plaintiffs demand a trial by jury.

## **PRAYER FOR RELIEF**

31.

WHEREFORE, Plaintiffs respectfully request that, after due proceedings are had, this Court enter a judgment in their favor and against defendant Wade A. Barbay for all damages and relief to which they are entitled, plus costs, interest, and attorney's fees.

Respectfully submitted,

HYMEL DAVIS & PETERSEN, L.L.C.


<u>s/ Michael Reese Davis</u>
L. J. Hymel (LBN 7137)
Michael Reese Davis (LBN 17529)
Tim P. Hartdegen (LBN 27496)
Richard A. Sherburne, Jr. (LBN 02106)
10602 Coursey Blvd.
Baton Rouge, Louisiana 70816
Phone: (225) 298-8118
Fax:  (225) 298-8119

F. Charles Marionneaux (LBN 18320)
5615 Corporate Blvd Ste 400C
Baton Rouge LA, 70808
Phone: (225) 298-3423


Counsel for Plaintiffs